UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WALTER D. PINE,**
**THELMA J. ROPER,**

    **Plaintiffs,**

v.                                              CASE NO. 6:06-cv-1551-ORL-19JGG

**BOARD OF COUNTY COMMISSIONERS**
**OF BREVARD COUNTY,**

    **Defendant.**

**ORDER**

This matter comes before the Court on Plaintiffs' Motion for Emergency Injunction or in the Alternative Emergency Restraining Order. (Doc. No. 2, filed October 4, 2006).

Plaintiffs apply to the Court for an Emergency Injunction or Emergency Restraining Order to prohibit Brevard County, its officers, agents, or employees from conducting any hearing or rendering any determination or adjudication of any code, zoning, or violation on or relating to Walter D. Pine, Thelma J. Roper, and the property at 4325 April Lane, Mims, Florida with reference to Brevard County Code Enforcement Case Number 06-2292.

Upon consideration the Motion for an Emergency Injunction or Emergency Restraining Order is **DENIED.** Such motion fails to comply with Local Rule 4.05, as the Motion does not address the issues required by Local Rule 4.05(b)(2) and (3). First, the movants do no support their Motion with a verified complaint or with accompanying affidavits. *See* Local Rule 4.05(b)(2). Secondly, the Motion does not contain a proposed form of temporary restraining order. *See* Local Rule 4.05(b)(3)(iii). Third, there is no

Dockets.Justia.com

citation to the applicable statutory authority or case law in the brief or legal memorandum section of the Motion.  *See* Local Rule 4.05(b)(3) & (4).

In addition, the movants have failed to adequately demonstrate under Federal Rule of Civil Procedure 65(b) why the proposed temporary restraining order should be granted without notice to the opposing party.  Plaintiffs argue in their Motion that "[t]he damage is so imminent that notice and a hearing on the application for Injunction/Restraining order is impossible." (*See* Doc. No. 2, p. 2).  However, there are no clear and specific facts alleged in a verified complaint or affidavit supporting such an assertion as are required to grant a temporary restraining order without notice under Rule 65(b).  *See* Fed. R. Civ. P. 65(b)(1). The pleadings filed reflect that the Brevard County Code Enforcement's Notice of Hearing for October 5, 2006 was mailed to Plaintiff Walter Dana Pine on September 18, 2006 and that the dispute between the parties has been ongoing since June or July of 2006.  No sufficient reason has been given by Plaintiffs for their delay in seeking judicial relief until 4:05 p.m on the afternoon before the scheduled hearing.  The movants have also failed to adequately certify to the Court in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.  *See* Fed. R. Civ. P. 65(b)(2).

Finally, the movants have not demonstrated a likelihood of success on the merits of their claims at trial.  Demonstrating a likelihood of success on the merits is an indispensable prerequisite to temporary injunctive relief.  *See, e.g.,* Local Rule 4.05(b)(4)(i).  Plaintiffs argue that they will prevail in demonstrating that Brevard County has violated their rights to due process and separation of powers, the Americans with Disabilities Act, and the

Endangered Species Act. They further argue that they will prevail in showing that Brevard County's ordinances are unconstitutionally vague. However, Plaintiffs offer no legal authority or specific facts introduced by way of affidavit or verified complaint to support their argument. Thus, Plaintiffs have not adequately demonstrated a likelihood of success on the merits.

For these reasons, the Motion for Emergency Injunction or in the Alternative Emergency Restraining Order, filed by Plaintiffs Walter D. Pine and Thelma J. Roper on October 4, 2006, (Doc. No. 2), is **DENIED**.

The Court will treat Plaintiffs' Motion (Doc. No. 2) as a Motion for Preliminary Injunction and will hold a hearing on Plaintiffs' Motion on **Thursday, October 26, 2006 at 8:30 a.m.** at the George C. Young United States Courthouse and Federal Building, 6th floor, Courtroom No. 1, 80 North Hughey Avenue, Orlando, Florida. Plaintiffs shall cause a copy of this Order and all other papers which have been filed in this cause to be served on, and received by Defendants **on or before Friday, October 13, 2006** and shall promptly file proof of service with the Court. Defendants shall file any response to Plaintiffs' Application for Preliminary Injunction **on or before 3:00 p.m. on Tuesday, October 24, 2006.**

Thirty (30) minutes have been set aside for this hearing.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 4th day of October, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:

All Counsel of Record

Unrepresented Parties