**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WALTER D. PINE,**
**THELMA J. ROPER,**

**Plaintiffs,**

**v.** **Case No. 6:06-cv-1551-ORL-19JGG**

**BOARD OF COUNTY COMMISSIONERS OF BREVARD COUNTY,**

**Defendant.**

---

# ORDER

This matter comes before the Court on the Motion for Preliminary Injunction, filed by Plaintiffs Walter D. Pine and Thelma J. Roper on October 4, 2006, (Doc. No. 2), and the Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction, filed by Defendant Board of County Commissioners of Brevard County on October 24, 2006. (Doc. No. 7). A hearing was held in this matter on October 26, 2006, and was attended by both Plaintiffs and by counsel for Defendant.

## Background

The following facts are not in dispute. Plaintiffs Walter D. Pine and Thelma J. Roper are roommates who reside at 4325 April Lane in Mims, Florida, located within the County of Brevard. (*See generally* Doc. No. 1, filed on October 4, 2006). Mr. Pine is a permanently disabled individual and can support such classification with a certification from

the Department of Veterans Affairs.[1] (*See, e.g.,* Doc. No. 2-2). On or about June 26, 2006, Brevard County, Florida initiated a code enforcement action against the Plaintiffs[2] for violation of the county codes requiring sanitary and litter free property, properly trimmed weeds and grass, and the proper storage of junk vehicles.[3] (*See, e.g.,* Doc. No. 7-2). Plaintiffs previously moved the Court for a temporary restraining order enjoining the code enforcement proceedings from taking place, which was denied by the Court on October 4, 2006. (*See* Doc. No. 3). Subsequent to the denial of such motion, the Special Magistrate for the code enforcement entity for Brevard County continued Plaintiffs' hearing on the alleged code enforcement violations until November 16, 2006. (*See, e.g.,* Doc. No. 7-2). The Special Magistrate has not yet made a final decision as to whether to apply the above ordinances to Plaintiffs' property. (*See generally id*.).

Plaintiffs apply to the Court for a Preliminary Injunction prohibiting Brevard County and its officers, agents, or employees from conducting any hearing or rendering any determination or adjudication of any code, zoning, or violation on or relating to Walter D. Pine, Thelma J. Roper, and the property at 4325 April Lane, Mims, Florida, with reference to Brevard County Code Enforcement Case Number 06-2292. Plaintiffs allege that they have attempted to avail themselves of protection under the Americans with Disabilities Act

---

[1] Plaintiffs also allege that Ms. Roper is a disabled individual but neither attach documentation confirming this statement to their motion nor present such allegations in a verified complaint.

[2] The action is officially numbered Brevard County Code Enforcement Proceedings No. 06-2292.

[3] Plaintiffs represented to the Court at oral argument that at least one of the allegedly "junk vehicles" belongs to Ms. Roper.

(ADA) in attempting to defend themselves against the code enforcement proceedings but that Defendant denied their request to do so and does not have in place the required ADA procedures. (*See* Doc. No. 2, p. 2). Plaintiff Pine further alleges that his ADA application was not given the same due process or consideration as other ADA applications and that he was subjected to more onerous requirements than code enforcement defendants with non-ADA accommodation requests. (*See id*. at p. 3). Finally, Plaintiff alleges that Brevard County has failed to provide him with proper notice of his violations, entered upon his residence to collect evidence in violation of the law, and has improperly denied his public records requests made pursuant to Florida statutory law. (*See id*. at pp. 4-5).

Plaintiffs argue that they will prevail in demonstrating that Brevard County has violated their rights to due process and separation of powers, the Americans with Disabilities Act, and the Endangered Species Act. They further argue that they will prevail in showing that Brevard County's ordinances are unconstitutionally vague. (*See id*. at p.6). Lastly, Plaintiffs argue that they will be irreparably harmed if a determination is made in the code enforcement proceeding, and that Brevard County will suffer no harm if the injunction is granted. In response, Defendant argues that Plaintiffs' Motion should be denied on ripeness and standing grounds and for failure to comply with the Local Rules of Court. Defendants further argue that Plaintiffs' claims are based on an impermissible "shotgun" pleading. (*See* Doc. No. 7 pp. 2-5).

**Standard of Review**

To prevail on its request for injunctive relief, the party seeking the injunction must demonstrate the following: (1) a substantial likelihood of success on the merits; (2)

irreparable injury if the injunction is not issued; (3) that the threatened injury to the party seeking the injunction outweighs the potential damage that the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, will not be adverse to the public interest. *E.g., Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005); *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). Because a preliminary injunction is an extraordinary and drastic remedy, such relief is not to be granted unless the movant clearly establishes the 'burden of persuasion' as to each of the four prerequisites. *See, e.g., McDonalds,* 147 F.3d at 1306; *Schiavo*, 403 F.3d at 1231.

A party may support its motion for preliminary injunction by setting forth allegations of specific facts in affidavits. *See* M.D. Fla. R. 4.05(b)(2), 4.06(b)(3). In considering a motion for preliminary injunctive relief, a district court may rely on affidavits and hearsay materials that would not be admissible as evidence for entry of a permanent injunction. *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir.1995); *F.A.C.E. Trading, Inc. v. Famiano*, Case No. 8:05-cv-1740T23TBM, 2006 WL 571723, at *7 n. 6 (M.D. Fla. March 8, 2006).

**Analysis**

**A. Adherence to the Local Rules**

The Court finds that the motion for preliminary injunctive relief must be denied. First, the motion fails to comply with Local Rules 4.05 and 4.06. A party seeking a preliminary injunction with the Court must fully comply with Local Rules 4.05(b)(1) through (b)(5) and 4.06. *See, e.g.,* Local Rule 4.06(b)(1). In the instant case, Plaintiffs' motion fails to address the issues required by Local Rule 4.05(b)(2) and (3). First, the movants do not

support their motion with a verified complaint or with accompanying affidavits. *See* Local Rule 4.05(b)(2). Secondly, the motion does not contain a proposed form of temporary restraining order. *See* Local Rule 4.05(b)(3)(iii). Third, there is no citation to the applicable statutory authority or case law in the brief or legal memorandum section of the motion. *See* Local Rule 4.05(b)(3) & (4). Plaintiffs did not supplement their motion with any papers, evidence, or affidavits as permitted by the Local Rules. *See* Local Rule 4.06(2). Thus, as the Plaintiffs did not comply with the Local Rules, their motion for injunctive relief must be denied.

**B. Likelihood of Success on the Merits**

In addition, Plaintiffs have failed to show a substantial likelihood of success on the merits of their claims at trial. The first and primary factor in determining whether a preliminary injunction should issue is whether the plaintiffs are likely to prevail on the merits of their claims. *Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1026 (11th Cir. 1989); *Glen Raven Mills, Inc. v. Ramada Int'l, Inc.*, 852 F. Supp. 1544, 1547 (M.D. Fla. 1994). "It is clear from our cases that proof of a substantial likelihood of success on the merits is an indispensable prerequisite to a preliminary injunction." *All Care Nursing Serv. v. Bethesda Mem. Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). To demonstrate a substantial likelihood of success on the merits, the plaintiffs must make a showing of likely or probable, but not certain, success at trial. *Schiavo*, 403 F.3d at 1232 (citing *Home Oil Co., Inc. v. Sam's East, Inc.*, 199 F.Supp.2d 1236, 1249 (M.D. Ala. 2002)).

Without expressing an opinion as to whether Plaintiffs will ultimately prevail, the Court finds that Plaintiffs have failed to demonstrate the "indispensable prerequisite" of

likely success on the merits of their claims, as their claims are not yet ripe for dispute. For Plaintiffs' claims to be considered ripe for adjudication, "the governmental entity charged with implementing the regulations must have reached a final decision regarding the application of the regulations to the property at issue." *Tari v. Collier County*, 56 F.3d 1533, 1535 (11th Cir. 1995) (quoting *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985) (internal marks omitted)). A final decision is made when the "initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury." *Williamson*, 473 U.S. at 193. A notice of violation sent by a county code enforcement division is not a final decision to apply a zoning ordinance to a resident's property if the resident is made aware that no enforcement action will be taken until a legal opinion is rendered. *See, e.g., Tari*, 56 F.3d at 1536.

In the instant case, Plaintiffs' allegations make clear that the case at bar is not ripe for dispute. Plaintiffs were sent a notice of violation in June of 2006. Plaintiffs are aware that a hearing is set to adjudicate the zoning disputes on November 16, 2006 in front of the Special Magistrate for Brevard County. Clearly, the Special Magistrate has not yet made a final decision as to whether to apply the above ordinances to Plaintiffs' property. Thus, Plaintiffs' claims do not demonstrate a substantial likelihood of success on the merits at trial, as such claims are not yet ripe.

**C. Irreparable Injury**

For similar reasons, Plaintiffs have not demonstrated that they will be irreparably

injured if the Court does not enjoin the code enforcement action.[4] The Eleventh Circuit has stated that irreparable harm or injury is " 'the *sine qua non* of injunctive relief.' " *See, e.g. Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir.1990)). Without a finding of a likelihood of irreparable injury, preliminary injunctive relief is improper and will be reversed on appeal. *See id.* In order to qualify as irreparable, harm or injury must be "actual and imminent." *Id*. In determining whether harm is irreparable, courts consider, *inter alia*, the nature of the harm alleged and the delay of the movant in seeking relief. *See, e.g., Tom Doherty Associates, Inc. v. Saban Entertainment, Inc*., 60 F.3d 27, 39 (2d Cir.1995); *Pippin v. Playboy Entertainment Group, Inc.*, Case No. 8:02-cv-2329T30EAJ, 2003 WL 21981990, at *2 (M.D. Fla. 2003).

Here, Plaintiffs have failed to produce any evidence to support their allegation that it would cause them irreparable injury if the Court fails to enjoin the code enforcement proceedings against them. In addition, the right to petition for the amendment or repeal of the zoning ordinances in question, or to argue that the zoning ordinances should not be applied to them, means that Plaintiffs' feared injury is not yet "certain." *See, e.g., Sociedad Anonima Vina Santa Rita v. U.S. Dept. of Treasury*, 193 F.Supp.2d 6, 26 (D. D.C. 2001). Thus, the Court finds that Plaintiffs have failed to demonstrate irreparable harm absent preliminary injunctive relief. This conclusion, coupled with the Court's determination that

---

4 *See, e.g., Time Warner Entertainment Co. L.P. v. F.C.C.*, 810 F.Supp. 1302, 1304 (D. D.C. 1992) ("the ripeness injury conflates with the preliminary injunction injury, for if the plaintiffs' challenge is premature, *a fortiori* there is no irreparable injury.")

Plaintiffs have failed to show that they are substantially likely to succeed on the merits of their claims, requires the Court to deny Plaintiffs' motion.[5]

**Conclusion**

Based on the foregoing, the Court **DENIES** the Motion for Preliminary Injunction filed by Plaintiffs Walter D. Pine and Thelma J. Roper on October 4, 2006. (Doc. No. 2).

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 30th day of October, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

[5] Because Plaintiffs have failed to satisfy two prerequisites of the standard for granting an injunction, namely, a showing of irreparable injury and likelihood of success on the merits, the Court will not analyze whether an injunction meets the standard for the balance of hardship to other interested persons or whether an injunction would be in the public interest.