**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WALTER D. PINE,**
**THELMA J. ROPER,**

      **Plaintiffs,**

**v.**                                          **Case No. 6:06-cv-1551-Orl-19JGG**

**BOARD OF COUNTY COMMISSIONERS**
**OF BREVARD COUNTY,**

      **Defendant.**

---

**ORDER**

This matter comes before the Court on the Motion to Dismiss or in Alternative

Motion for a More Definite Statement, filed by Defendant Board of County Commissioners

of Brevard County ("Brevard") on October 24, 2006.  (Doc. No. 8).

**Background**

Plaintiffs Walter D. Pine and Thelma J. Roper are roommates who reside at 4325

April Lane in Mims, Florida, located within Brevard County, Florida.  (*See generally* Doc.

No. 1, filed on October 4, 2006).  Mr. Pine is a permanently disabled individual and can

support such classification with a certification from the Department of Veterans Affairs.[1]

(*See, e.g., id.*, Doc. No. 2-2).  On or about June 26, 2006, Brevard County, Florida initiated

---

[1]     Plaintiffs also allege that Ms. Roper is a disabled individual, but neither attach
documentation confirming this statement to their motion or present such
allegations in a verified complaint.

a code enforcement action against the Plaintiffs[2] for violation of the county codes requiring sanitary and litter free property, properly trimmed weeds and grass, and the proper storage of junk vehicles. (*See, e.g.,* Doc. No. 1, p. 2). Plaintiffs previously moved the Court for a temporary restraining order enjoining the code enforcement proceedings from taking place which was denied by the Court on October 4, 2006. (*See* Doc. No. 3).[3]

Plaintiffs' Complaint alleges that Plaintiffs have attempted to avail themselves of protection under the Americans with Disabilities Act (ADA) in attempting to defend against the code enforcement proceedings but that Defendant denied their request to do so and does not have in place the required ADA procedures to assist them. (*See* Doc. No. 1-2, p. 3). Plaintiff Pine further alleges that he was denied due process and that he was subjected to more onerous requirements than code enforcement defendants with non-ADA accommodation requests. (*See id*. at p. 1, 3). Finally, Plaintiff Pine alleges that Brevard County has failed to provide him with proper notice of his violations, entered upon his residence to collect evidence in violation of the law, and has improperly denied his public records requests made pursuant to Florida statutory law. (*See id*. at pp. 2-3).

Brevard now moves to dismiss the Plaintiffs' Complaint, arguing that it fails to allege a proper basis for subject matter jurisdiction. (*See* Doc. No. 8). In the alternative, Brevard alleges that the complaint is so vague and ambiguous that the Court should order Plaintiffs

---

[2]   The action is officially numbered Brevard County Code Enforcement Proceedings No. 06-2292.

[3]   Plaintiffs had also previously moved the Court for a preliminary injunction to enjoin the Brevard County proceedings from taking place, which was denied by the Court on October 30, 2006. (*See* Doc. No. 15).

to make a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil

Procedure.  (*See id*.).

## Standard of Review

For the purposes of a motion to dismiss, the Court must view the allegations of the

complaint in the light most favorable to Plaintiffs, consider the allegations of the complaint

as true, and accept all reasonable inferences therefrom.  *Jackson v. Okaloosa County, Fla.*,

21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Furthermore, the Court must limit its consideration to the complaint and written instruments

attached as exhibits thereto.  *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d

1508, 1510 (11th Cir. 1993).  A complaint should not be dismissed for failure to state a claim

unless it appears beyond doubt that Plaintiffs can prove no set of facts that would entitle

them to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Defendants also move for a more definite statement pursuant to Rule 12(e) of the

Federal Rules of Civil Procedure.  Courts disfavor motions for more definite statement in

light of the liberal pleading and discovery requirements of the Federal Rules.  *See, e.g.,*

*Bazal v. Belford Trucking Co.*, 442 F.Supp. 1089, 1101 (S.D. Fla. 1977).  The Court should

not grant a Rule 12(e) motion unless the pleading in question is "so vague that a party cannot

reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e); *Anderson v.*

*Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996).

Although copies of Defendant's motion were mailed to Plaintiffs on October 24,

2006, Plaintiffs have not filed a brief in opposition as required under Local Rule 3.01(b).

Failure to oppose such a motion to dismiss raises an inference that there is no objection to

such motion.  *See* Local Rule 3.01(b); *Freshwater v. Shiver*, Case No. 6:05-cv-756; 2005 WL 2077306, at *2 (M.D. Fla. Aug. 29, 2005).

**Analysis**

Plaintiffs' Complaint must be dismissed for failure to assert why federal subject matter jurisdiction is proper in the instant case.  For Plaintiffs' claims to be considered ripe for adjudication, "the governmental entity charged with implementing the regulations must have reached a final decision regarding the application of the regulations to the property at issue."  *Tari v. Collier County*, 56 F.3d 1533, 1535 (11th Cir. 1995) (quoting *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985) (internal marks omitted)).  A final decision is made when the "initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury."  *Williamson*, 473 U.S. at 193.  A notice of violation sent by a county code enforcement division is not a final decision to apply a zoning ordinance to a resident's property if the resident is made aware that no enforcement action will be taken until a legal opinion is rendered.  *See, e.g., Tari*, 56 F.3d at 1536.

In the instant case, Plaintiffs' allegations make clear that the case at bar is not ripe for decision.  Plaintiffs were sent a notice of violation in June of 2006.  The Complaint alleges that the proceeding "continues to date."  (*See* Doc. No. 1, p. 2).  Nowhere in the Complaint do Plaintiffs allege that a final decision or legal opinion has been issued in the code enforcement action determining whether to apply the above ordinances to Plaintiffs' property.  Plaintiffs stated in their Complaint that they would provide an amended complaint with additional facts at a later time, but have failed to do so.  (*See* Doc. No. 1, p. 3).  Thus,

the Complaint must be dismissed for failure to allege a proper basis for subject matter jurisdiction.

Even if Plaintiffs had properly alleged subject matter jurisdiction, Plaintiffs' Complaint would have to be dismissed for failure to state a cause of action. Plaintiffs' complaint lists 16 separate causes of action without explanation, followed by a list of 21 facts. (*See generally* Doc. No. 1). There is no indication of how the various claims are supported by the list of facts, or which facts, if any, apply to each claim. This type of pleading disregards the requirement of Federal Rule of Civil Procedure 10(b) that a complaint should contain discrete claims pled in separate counts. *See, e.g., Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (remanding a case involving a "shotgun" complaint with general factual allegations incorporated into non-discrete claims with directions to the district court to strike the complaint and require a new pleading). For these reasons, the Court will grant Brevard's Motion to Dismiss.

## Conclusion

Based on the foregoing, the Motion to Dismiss or in Alternative Motion for a More Definite Statement filed by Defendant Board of County Commissioners of Brevard County on October 24, 2006, (Doc. No. 8) is **GRANTED in part**. Plaintiffs' Complaint is hereby **dismissed**. Plaintiffs shall have ten (10) days from the date of this Order to submit an Amended Complaint, if desired.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 20th day of November, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Unrepresented Parties