UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER D. PINE, and
THELMA J. ROPER,

    Plaintiffs,

v.             Case No. 6:06-cv-1551-Orl-19JGG

BOARD OF COUNTY COMMISSIONERS
OF BREVARD COUNTY; TRUMAN
SCARBOROUGH, COUNTY
COMMISSIONER DISTRICT 1;CHARLES
NELSON, COUNTY COMMISSIONER
DISTRICT 2; HELEN VOLTZ, COUNTY
COMMISSIONER DISTRICT 3; MARY
BOLEN, COUNTY COMMISSIONER
DISTRICT 4; JACKIE COLON, COUNTY
COMMISSIONER DISTRICT 5; PEGGY
BUSACCA, BREVARD COUNTY
MANAGER; EDWARD WASHBURN,
ASSISTANT BREVARD COUNTY
MANAGER; WANDA SCANES, MANAGER
OF BREVARD COUNTY CODE
ENFORCEMENT; BOBBY BOWEN,
MANAGER OF BREVARD COUNTY CODE
ENFORCEMENT; TERRI JONES, JUDGE,
PROSECUTOR, and ASSISTANT COUNTY
ATTORNEY; SCOTT KNOX, COUNTY
ATTORNEY; STEWART B. CAPPS, CODE
ENFORCEMENT SPECIAL MAGISTRATE;
and UNNAMED DEFENDANTS,

    Defendants.

_____

## ORDER

This matter comes before the Court on the following:

1.  Motion to Dismiss Plaintiffs' Amended Complaint, filed by Defendant

-1-

Board of County Commissioners of Brevard County on February 22, 2007; (Doc. No. 30);

2.      Motion to Sever Joint Complaint and Representation, filed by Plaintiffs Walter D. Pine and Thelma J. Roper on March 19, 2007; (Doc. No. 35);

3.      Response to Motion to Dismiss and Motion to Amend the Complaint, filed by Plaintiffs on March 19, 2007.  (Doc. No. 38).

## Background

The following allegations are taken from Plaintiffs' Amended Complaint.  Plaintiffs Walter D. Pine and Thelma J. Roper are roommates who reside at 4325 April Lane in Mims, Florida, located within the County of Brevard.  (Doc. No. 29, p. 2).  Mr. Pine is a 100% disabled veteran, and Ms. Roper is a 10% disabled veteran with additional disabilities currently unclassified by Veterans Administration.[1]  (*Id.*)  On or about June 26, 2006, Brevard County, Florida initiated a code enforcement action against the property on which Plaintiffs reside[2] for violation of the county codes requiring sanitary and litter free property, properly trimmed weeds and grass, and the proper storage of junk vehicles.  (*See generally id.*) (outlining in various parts of the pleading the extent of the code enforcement proceedings).  Plaintiffs previously moved the Court for a temporary restraining order enjoining the code enforcement proceedings from taking place, which was denied by the

---

[1]      Plaintiffs also allege that Ms. Roper is a disabled individual but neither attach documentation confirming this statement to their motion nor present such allegations in a verified complaint.

[2]      The action is officially numbered Brevard County Code Enforcement Proceedings No. 06-2292.

-2-

Court on October 4, 2006. (*See* Doc. No. 3).[3]

Plaintiffs' Amended Complaint alleges nineteen (19) counts of tortious and unconstitutional acts against the Board of County Commissioners of Brevard County, each County Commissioner in his or her individual capacity, several other members of the Brevard County government and judicial system, and "unnamed defendants." (*See generally* Doc. No. 29). Plaintiffs allege that Defendants are liable for tortious interference with a contract, (Counts 1-3), unlawful taking or conversion of property, (Counts 4-5), discrimination and violation of the Americans with Disabilities Act, (Counts 6 and 14), "selective enforcement," (Count 7), trespassing and invasion of privacy, (Counts 8-9), "criminal enterprise," (Count 13), fraud, (Count 15), despoliation and destruction of evidence, (Count 16), and violations of the Public Records Law, State of Florida "Sunshine" Law, and due process. (Counts 17-19). Plaintiffs further allege that the laws that are being applied to their code violations are unconstitutionally vague and represent an unconstitutional delegation of legislative authority. (Counts 10-11). Finally, Plaintiffs allege a civil and criminal conspiracy by Defendants to "commit all counts [of the complaint] individually and collectively." (Count 12).

Defendant Board of County Commissioners of Brevard County ("Brevard") moves to dismiss the Plaintiffs' Complaint, arguing that it fails to allege a proper basis for subject matter jurisdiction. (*See* Doc. No. 30, p. 1). In the alternative, Brevard alleges that the

---

[3]     Plaintiffs had also previously moved the Court for a preliminary injunction which would enjoin the Brevard County proceedings from taking place, which was denied by the Court on October 30, 2006. (*See* Doc. No. 15).

complaint is so vague and ambiguous that it is a "shotgun pleading" under Federal Rule of Civil Procedure 8(a).  (*Id*. at p. 2).  Finally, Brevard argues that Plaintiffs have failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (*Id*. at p. 6).

In Response, Plaintiffs admit that their complaint has some "deficiencies" but argue that the pleading is sufficient to show that a cause of action exists.  (Doc. No. 38, p. 2).  They further argue that the Motion to Dismiss should be stricken because they have not received a notice of appearance for the attorney who submitted it or a formal notice of withdrawal by Scott Knox, the County Attorney.  (*Id*. at p. 5).  In the alternative, Plaintiffs ask for leave to file a Second Amended Complaint.  (*Id*. at p. 2).   Plaintiffs have also filed a motion to sever their joint complaint and representation which the Court will also address.  (*See* Doc. No. 35).

### Standard of Review

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiffs, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom.  *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits thereto.  *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiffs can prove no set of facts that would entitle them to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *Pro se* pleadings are governed

by a less stringent standard than pleadings authored by attorneys. *E.g. Haines v. Kerner*, 404 U.S. 519 (1972).

## Analysis

### A.  Request to Strike the Motion to Dismiss

Within their response to the Motion to Dismiss, Plaintiffs argue that Brevard's Motion should be stricken by the Court because Plaintiffs have not received a notice of appearance for the attorney who submitted it or a formal notice of withdrawal by Scott Knox, the County Attorney.  First, Plaintiffs are advised that such request should be filed in a separate motion to strike and not embedded in the response to the Motion to Dismiss. Secondly, Plaintiffs fail to state an adequate ground for the Court to strike Brevard's Motion to Dismiss.  Plaintiffs admit to being verbally advised by Mr. Knox that his office had withdrawn from the case and Brevard would be selecting a new attorney.  (Doc. No. 38, p. 5).  Furthermore, Brevard is entitled to be represented by counsel of its choice, subject to the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida.  As Plaintiffs have alleged no violation of such rules, the Court will deny the request to strike.

### B.  Motion to Dismiss

Plaintiffs' Amended Complaint must be dismissed for failure to allege a proper basis for subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  First, as with Plaintiffs' first Complaint, the facts alleged in the Amended Complaint, taken as true, do not allege that a final decision regarding the enforcement proceedings has taken place.  (*See generally* Doc. No. 30).  For Plaintiffs' claims to be considered ripe for adjudication, "the governmental entity charged with implementing the regulations must have reached a final

decision regarding the application of the regulations to the property at issue." *Tari v. Collier County*, 56 F.3d 1533, 1535 (11th Cir. 1995) (quoting *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985) (internal marks omitted)).  A final decision is made when the "initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury." *Williamson*, 473 U.S. at 193.  A notice of violation sent by a county code enforcement division is not a final decision to apply a zoning ordinance to a resident's property if the resident is made aware that no enforcement action will be taken until a legal opinion is rendered.  *See, e.g., Tari*, 56 F.3d at 1536.

Plaintiffs' response argues that the *Tari* case is inapplicable to the case at bar because *Tari* did not involve a claim that the law at issue was unconstitutionally vague.  Plaintiffs further state that the case is distinguishable in other ways, yet do not specifically state how such case is inapposite.  Plaintiffs state that a "full and complete analysis" as to why *Tari* is inapplicable will require an additional thirty (30) days to prepare.  (Doc. No. 28, p. 8).  The Court rejects such arguments.  The principles articulated by the Eleventh Circuit in *Tari* are clearly applicable to the alleged facts of the instant case.  Simply because Plaintiffs have pled additional alleged constitutional violations with regard to the ordinance they have not yet been determined to have violated does not provide the Court with subject matter jurisdiction to adjudicate an unripe claim.  As a further basis for dismissal under Rule 12(b)(1), Plaintiffs fail to allege that federal jurisdiction and venue are proper in this Court. *See Dunlap v. G & L Holding Group*, *Inc*., 381 F.3d 1285, 1290 (11th Cir. 2004) (well-pleaded allegations of complaint must demonstrate how federal jurisdiction exists).

Even if Plaintiffs' Amended Complaint could survive such fatal defects, the

Amended Complaint must be dismissed under Federal Rule of Civil Procedure 10(b). Plaintiffs' complaint lists nineteen (19) separate causes of action against thirteen (13) named defendants and unknown number of unnamed defendants.  (*See* Doc. No. 29).  There is no indication of which Defendants are being sued in each count of the pleading.  While some counts state that they are against "Defendants," the Amended Complaint does not provide which of the Defendants this includes.  (*See generally* Doc. No. 29).  Lastly, as Brevard points out, Plaintiffs fail to provide in each count which Plaintiff is the injured party.

Plaintiff's Amended Complaint disregards the requirement of Federal Rule of Civil Procedure 10(b) that a complaint should contain discrete claims pled in separate counts.  *See, e.g., Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (remanding a case involving a "shotgun" complaint with general factual allegations incorporated into non-discrete claims with directions to the district court to strike the complaint and require a new pleading).  For these reasons, the Court will grant Brevard's Motion to Dismiss.  However, in the interests of justice, the Court will permit Plaintiffs to file a Second Amended Complaint which comports with this Order within ten (10) days from the date of this Order.

### C.  Motion to Sever Complaint

Plaintiffs have also filed a Motion to Sever the Complaint.  (Doc. No. 38).  As the Court has found that Plaintiffs' Amended Complaint must be dismissed, the Motion to Sever is denied as moot.  As a further basis for denial, the Court is not able to sever the pleadings because Plaintiffs have failed to provide in each count which Plaintiff is the injured party, thus making severance impossible.

In the interests of justice, the Court will permit Plaintiff Roper to file a separate

complaint, if desired, within ten (10) days from the date of this Order.  Plaintiff Roper should be advised, however, that she must comply with the filing procedures contained in the Local Rules for the Middle District of Florida and must pay a separate filing fee.  In the event that Plaintiff Roper files a separate complaint, Plaintiff Pine may proceed as sole Plaintiff in the instant case.

<u>Conclusion</u>

Based on the foregoing, the Motion to Dismiss Plaintiffs' Amended Complaint, filed by Defendant Board of County Commissioners of Brevard County on February 22, 2007, (Doc. No. 30), is **GRANTED**.  The Motion to Sever Joint Complaint and Representation, filed by Plaintiffs Walter D. Pine and Thelma J. Roper on March 19, 2007, (Doc. No. 35), is **DENIED**. Plaintiff Roper may file a separate complaint and pay the filing fee within ten (10) days from the date of this Order.  Leave to file a Second Amended Complaint in the instant case within ten (10) days from the date of this Order and which comports with this Order is granted.  Plaintiffs are advised that failure to comply with this Order may result in dismissal of this action without further notice.

**DONE and ORDERED** in Chambers in Orlando, Florida this <u>23rd</u> day of March, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

-8-

Copies furnished to:

Counsel of Record

Unrepresented Parties