# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WALTER PINE, THELMA J. ROPER,**

      **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　Case No. **6:06-cv-1551-Orl-19UAM**

**BOARD OF COUNTY COMMISSION OF BREVARD COUNTY,**

      **Defendant.**

___

## ORDER

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**  **MOTION TO ACCEPT THE CASE MANAGEMENT REPORT** (Doc. No. 57)
>
> **FILED:**  July 5, 2007
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**. Nonetheless, the Court orders Plaintiffs to confer with counsel for Defendant and re-file a complete Case Management Report agreed to and signed by Plaintiffs and counsel for Defendant on or before July 25, 2007.

Defendant Board of County Commission of Brevard County was served on October 13, 2006 and appeared in this action on the same date. Doc. No. 6. On February 28, 2007, the district court ordered Plaintiffs to show cause why their case should not be dismissed for their failure to file a Case Management Report within the time prescribed by Local Rule 3.05, which provides that "[c]ounsel and any unrepresented party shall meet within 60 days after **service of the complaint upon any defendant** . . . for the purpose of preparing and filing a Case Management Report" and that the Report

shall be filed within fourteen days after the meeting. *See* Doc. No. 31; Local Rule 3.05(c)(2)(B) (emphasis added).

In response to the February show cause order, Plaintiffs asked the Court "toll" or "suspen[d]" the requirement of filing a Case Management Report. Doc. No. 37. The Court denied Plaintiffs' request and explained to Plaintiffs their obligations and deadlines under Local Rule 3.05. Doc. No. 46. On June 22, 2007, no Report having been filed, the district court again ordered Plaintiffs to show cause why their case should not be dismissed for their failure to file the Case Management Report. Doc. No. 56. The district court warned that "[f]ailure to respond shall result in a dismissal of this action without further notice from the Court." *Id.*

Plaintiffs subsequently filed a Case Management Report, which is not agreed to by counsel for Defendant. Further, Plaintiffs have used the Court's Case Management Report form but have crossed out key portions required by the Court. *See, e.g.,* Doc. No. 58 at 5. Plaintiffs have also filed a motion in which they state that they are attempting to obtain counsel and ask the Court "to provisionally accept the Case Management Report subject to any amendments by the parties or subsequently obtained counsel, if obtained would make." Doc. No. 57 at 1.

In the response, Defendant asks the Court to dismiss Plaintiffs' case for their repeated failure to comply with procedural rules and Court orders. Doc. No. 59. Defendant notes that Plaintiffs unilaterally altered  sections of the Court's standard form, as well as certain deadlines suggested by Defendant (although Defendant does not object to the altered deadlines).

The Court will not "accept" Plaintiffs' unilateral and incomplete Case Management Report. Once again, however, affording Plaintiffs great leniency in light of their *pro se* status and alleged

disabilities, the Court orders Plaintiffs to confer with counsel for Defendant and re-file a complete Case Management Report agreed to and signed by Plaintiffs and counsel for Defendant on or before July 25, 2007. **Failure to comply will result in dismissal of the case pursuant to Federal Rule of Civil Procedure 16(f) and Local Rule 3.10(a)**.

In their "Motion to Accept," Plaintiffs also ask the "presiding [district] [j]udge" for clarification regarding the computation of a period of time under the Federal Rules of Civil Procedure. The motion, having been referred by the district court to the undersigned, is denied. This Court did not grant Plaintiffs additional time for service by mail. Instead, the Court denied Plaintiffs' prior motion to file by facsimile and explained that because the Federal Rules of Civil Procedure contemplated the issue of service by mail, extra time was unnecessary. *See* Doc. No. 45 at 3. The Court also summarized and directed Plaintiffs to Federal Rule of Civil Procedure 6. *Id.* This Court cannot further advise Plaintiffs on how to litigate this case.

Finally, despite previous warnings, "Plaintiffs' Motion to Accept" does not comply with Local Rule 3.01(g). *See* Doc. No. 20, 26, 45.[1] The Court also cautions Plaintiffs that they must comply with the relevant rules, deadlines, and Court orders and cannot continue to rely on their *pro se* status for their failure to comply with the same.

**DONE** and **ORDERED** in Orlando, Florida on July 12, 2007.

*Donald P. Dietrich*
　　　　DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiffs' previously asked the Court to "waive" Local Rule 3.01(g), so they are apparently aware of and understand the requirement. *See* Doc. No. 39.

Copies furnished to:

Counsel of Record
Unrepresented Parties