**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WALTER D. PINE, and**
**THELMA J. ROPER,**

**Plaintiffs,**

**v.** **Case No. 6:06-cv-1551-Orl-19UAM**

**BOARD OF COUNTY COMMISSIONERS OF BREVARD COUNTY; TRUMAN SCARBOROUGH, COUNTY COMMISSIONER DISTRICT 1;CHARLES NELSON, COUNTY COMMISSIONER DISTRICT 2; HELEN VOLTZ, COUNTY COMMISSIONER DISTRICT 3; MARY BOLEN, COUNTY COMMISSIONER DISTRICT 4; JACKIE COLON, COUNTY COMMISSIONER DISTRICT 5, and CHAIRPERSON OF BOARD OF COUNTY COMMISSIONERS OF BREVARD COUNTY; PEGGY BUSACCA, BREVARD COUNTY MANAGER; EDWARD WASHBURN, ASSISTANT BREVARD COUNTY MANAGER; WANDA SCANES, MANAGER OF BREVARD COUNTY CODE ENFORCEMENT; BOBBY BOWEN, MANAGER OF BREVARD COUNTY CODE ENFORCEMENT; TERRI JONES, JUDGE, PROSECUTOR, and ASSISTANT BREVARD COUNTY ATTORNEY; SCOTT KNOX, COUNTY ADMINSTRATOR and BREVARD COUNTY ATTORNEY; STEWART B. CAPPS, CODE ENFORCEMENT SPECIAL MAGISTRATE and COUNTY ADMINISTRATOR; MARK HERALD, CODE ENFORCEMENT OFFICER; and UNNAMED DEFENDANTS,**

**Defendants.**

---

# ORDER

This matter comes before the Court on the Motion to Dismiss Plaintiffs' Second Amended Complaint filed by Defendant Board of County Commissioners of Brevard County on June 20, 2007. (Doc. No. 55).

## Background

The following allegations are taken from Plaintiffs' Second Amended Complaint. (Doc. No. 54). Plaintiffs Walter D. Pine and Thelma J. Roper are roommates who reside at 4325 April Lane in Mims, Florida, located within the County of Brevard. (Doc. No. 54, p. 2). Mr. Pine and Ms. Roper are parties to an oral contract that governs the terms of their cohabitation. (*Id*. at p. 3). Mr. Pine is a 100% disabled veteran, and Ms. Roper is a 10% disabled veteran with additional disabilities currently unclassified by the Veterans Administration. (*Id.* at p. 3). In their twenty-one (21) count Second Amended Complaint, Plaintiffs allege that they are the victims of a conspiracy on the part of the Board of Brevard County Commissioners and various other local government officials, and "unnamed defendants" to interfere with their contractual, property, and constitutional rights. (*E.g.*, *id*. at pp. 4-5) (summary of counts of the Complaint).

Plaintiffs, appearing *pro se*, filed their initial Complaint in this action on October 4, 2006. On November 20, 2006, the Court dismissed the Complaint for, *inter alia*, failing to state discrete claims pled in separate counts, failing to support the counts of the Complaint with a short, plain statement of claims and the factual allegations which support them, and failing to allege a basis for federal subject matter jurisdiction. (Doc. No. 18, pp. 4-5). Plaintiffs' Amended Complaint was dismissed by the Court on March 23, 2007, for again

filing to contain discrete claims pled in separate counts and failing to allege a proper basis for federal subject matter jurisdiction. (Doc. No. 47, pp. 6-7). Specifically, the Court noted that the Amended Complaint contained nineteen (19) counts against thirteen (13) named defendants and an unknown number of unnamed defendants, and failed to indicate which Defendants were being sued in each count and which Plaintiff was the injured party. (*Id*. at p. 7).

Defendant Board of County Commissioners of Brevard County now moves to dismiss Plaintiffs' Second Amended Complaint, arguing that Plaintiffs have again filed a "shotgun pleading." (Doc. No. 55, p. 8-9). Defendant further argues that Plaintiffs have again failed to state a valid basis for federal subject matter jurisdiction and unlawfully request punitive damages. (*Id*. at pp. 2, 6).

**Standard of Review**

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiffs, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). *Pro se* pleadings are governed by a less stringent standard than pleadings authored by attorneys. *E.g., Haines v. Kerner*, 404

U.S. 519 (1972).

Although copies of Defendant's Motion to Dismiss were mailed to Plaintiffs on June 20, 2007, Plaintiffs have not filed a brief in opposition to the Motion. Failure to oppose a motion to dismiss raises an inference that there is no objection to such motion. *See* Local Rule 3.01(b); *Freshwater v. Shiver*, Case No. 6:05-cv-756; 2005 WL 2077306, at *2 (M.D. Fla. Aug. 29, 2005).

**Analysis**

For the third time, Plaintiffs' Complaint must be dismissed for failing to set forth a short, plain statement of claims under Federal Rule of Civil Procedure 8(a) and violating the requirement of Federal Rule of Civil Procedure 10(b) that a complaint should contain discrete claims pled in separate counts. With the exception of Count I of the Complaint, every Count of Plaintiffs' Complaint again fails to indicate which of the fourteen (14) named Defendants and unknown unnamed defendants are being sued in each count of the pleading. (*See generally* Doc. No. 54). Plaintiffs further fail to specifically state in every count whether Mr. Pine, Ms. Roper, or both, are the injured party. (*Id.*)

While each subsequent complaint submitted by Plaintiffs in the instant case has increased in size, number of counts, and number of named Defendants, Plaintiffs have repeatedly failed to address the deficiencies noted by the Court in its two prior Orders to dismiss. Plaintiffs further attempt to incorporate every previous and subsequent allegation, statement, and affidavit by them into every count of the Complaint. (*See, e.g.*, *id*. at p. 10). By failing to state which counts of the Complaint apply to which Plaintiffs and Defendants, Plaintiffs have not provided Defendants with sufficient notice of what they are being accused

of so that they can fashion an adequate responsive pleading. *E.g.*, *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (remanding a case involving a “shotgun” complaint with general factual allegations incorporated into non-discrete claims with directions to the district court to strike the complaint and require a new pleading); *Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986) (“The test of a complaint's sufficiency is whether it is detailed and informative enough to enable defendant to respond [...] The central concern is that the complaint afford defendant sufficient notice of the [behavior] complained of to enable him to defend himself.”). For these reasons, Counts II through XXI[1] of the Second Amended Complaint must be dismissed.

Count I of the Complaint, which attempts to assert a claim for tortious interference with a contract, must also be dismissed. First, as noted above, Count I fails to specifically allege whether it seeks to vindicate solely Plaintiff Pine’s contractual rights, or both Mr. Pine and Ms. Roper’s contractual rights. (Doc. No. 54, pp. 10-13). Secondly, as the Court has dismissed all but Count I of the Second Amended Complaint, the entire pleading should be dismissed for failure to demonstrate a proper basis for federal subject matter jurisdiction. Even assuming, *arguendo*, that Count I contains a short, plain statement of the claim, Count I is merely a Florida state law claim for tortious interference. (*See* Doc. No. 54, p. 10). Plaintiffs admit that such claim is pendent and ancillary to their federal law claims, which have all been dismissed by the Court. (*See* Doc. No. 54, p. 6). An action only “arises under”

---

[1] While the summary of the counts of the Complaint correctly numbers the Counts of the Complaint in numerical order from I through XXI, Plaintiffs later in the Complaint include Counts out of numerical order. (*See* Doc. No. 54, pp. 4, 35-40) (going from Count XIX to XXII to XX). For purposes of simplicity, the Court will refer to the Counts in numerical order, as stated in the summary.

federal law when it is apparent from the face of the Plaintiffs' well-pleaded complaint that their cause of action is itself created by federal law, or if based upon state law, that a federal law which creates a cause of action is an essential component of the plaintiffs' claim. *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804 (1986).[2]

For these reasons, the Court will grant the Motion to Dismiss without prejudice with leave to amend. However, Plaintiffs are cautioned that as they have been granted leave to amend on three (3) separate occasions, no further amendment of pleadings will be allowed by the Court in this case after the next amended complaint is filed if it does not comport with the Order of the Court here and previously entered in this case.

**Conclusion**

Based on the foregoing, the Motion to Dismiss Plaintiffs' Second Amended Complaint, filed by Defendant Board of County Commissioners of Brevard County on June 20, 2007, (Doc. No. 55), is **GRANTED**. Plaintiffs shall have ten (10) days from the date of this Order to submit an Amended Complaint which comports with this Order. No further extensions of time or amendment of pleadings will be allowed by the Court.

**DONE and ORDERED** in Chambers in Orlando, Florida this 23rd day of July, 2007.

---

2 Furthermore, the Court has discretion in declining to exercise its pendent jurisdiction. *See* 28 U.S.C. § 1367(c); *see also United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). In exercising its discretion, the Court must look to "considerations of judicial economy, convenience and fairness to the litigants" and the avoidance of needless decisions of state law. *Id*. at 726; *see also* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3567.1 (2d ed. 1984).

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Unrepresented Parties