# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

WALTER D. PINE, and
THELMA J. ROPER,

    Plaintiffs,

v.                                            Case No. 6:06-cv-1551-Orl-19UAM

BOARD OF COUNTY COMMISSIONERS
OF BREVARD COUNTY; TRUMAN
SCARBOROUGH, COUNTY
COMMISSIONER DISTRICT 1;CHARLES
NELSON, COUNTY COMMISSIONER
DISTRICT 2; HELEN VOLTZ, COUNTY
COMMISSIONER DISTRICT 3; MARY
BOLEN, COUNTY COMMISSIONER
DISTRICT 4; JACKIE COLON, COUNTY
COMMISSIONER DISTRICT 5, and
CHAIRPERSON OF BOARD OF COUNTY
COMMISSIONERS OF BREVARD COUNTY;
PEGGY BUSACCA, BREVARD COUNTY
MANAGER; EDWARD WASHBURN,
ASSISTANT BREVARD COUNTY
MANAGER; WANDA SCANES, MANAGER
OF BREVARD COUNTY CODE
ENFORCEMENT; BOBBY BOWEN,
MANAGER OF BREVARD COUNTY CODE
ENFORCEMENT; TERRI JONES, JUDGE,
PROSECUTOR, and ASSISTANT BREVARD
COUNTY ATTORNEY; SCOTT KNOX,
COUNTY ADMINSTRATOR and BREVARD
COUNTY ATTORNEY; STEWART B. CAPPS,
CODE ENFORCEMENT SPECIAL
MAGISTRATE and COUNTY
ADMINISTRATOR; MARK HERALD,
CODE ENFORCEMENT OFFICER;
and UNNAMED DEFENDANTS,

    Defendants.

_____

-1-

**ORDER**

This matter comes before the Court on the Motion to Reconsider Order of Dissmissal [sic], filed by Plaintiffs Walter D. Pine and Thelma J. Roper on August 3, 2007, (Doc. No. 67), and the Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion to Reconsider Order of Dismissal, filed by Defendant Board of County Commissioners of Brevard County on August 9, 2007.  (Doc. No. 70).

**Analysis**

Plaintiffs ask the Court to reconsider its Order of July 23, 2007, which dismissed Plaintiffs' Second Amended Complaint in its entirety.  (Doc. No. 61).  Plaintiffs argue that they had no notice of Defendants' Motion to Dismiss and that the Court misapplied the rule regarding the amount of time they had to respond to the Motion to Dismiss because Plaintiffs should have received three days of additional time to respond for mailing time.  (Doc. No. 67, p. 1).

The Eleventh Circuit has described a motion for reconsideration as falling within the ambit of either Federal Rule of Civil Procedure Rule 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure Rule 60(b) (motion for relief form judgment). *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir.1993).  The decision to grant a motion for reconsideration under either rule is committed to the sound discretion of the Court and will not be overturned on appeal absent an abuse of discretion.  *Id*. at 806.  The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice.  *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1369 (S.D. Fla. 2002).  In order

to reconsider a judgment, there must be a reason why the Court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). A motion fo reconsideration should not be used to reiterate arguments previously made. *Burger King*, 181 F.Supp.2d at 1369. Reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *Id*.

Plaintiff's motion for reconsideration is denied. Plaintiffs' argument that they received no notice of the Defendant's Motion to Dismiss is without merit. The Motion contained the requisite Certificate of Service, signed by counsel for Defendant, which states that a copy of the Motion was mailed to each Defendant. (Doc. No. 55, p. 10). The address listed on the Certificate, 4325 April Lane, Mims, Florida, 32754, is the address listed for both Plaintiffs in the Court's records. Furthermore, the record reflects that Court also mailed a copy of the Motion to each Defendants. The contention by Plaintiffs that they had no notice of the Motion is not well taken.

Plaintiffs' further argument that the Court misapplied or inconsistently applied the rules for mailing time to Plaintiffs regarding their time to respond to the Motion to Dismiss is also without merit. Local Rule 3.01(b) provides that any party opposing a motion shall have ten (10) days to file a responsive pleading unless further time is granted by the Court. Local Rule 3.01(b). Plaintiffs are correct that the United States Magistrate Judge notified Plaintiffs on March 21, 2007, that pursuant to Federal Rule of Civil Procedure 6(e) three additional days are added to a prescribed period if a party is served by mail. (Doc. No. 45, p. 3). In the instant case, the Motion to Dismiss was filed on June 20, 2007. (Doc. No. 55).

The Court's Order granting the Motion was docketed on July 23, 2007, one month and three days after the Motion was filed. Thus, Plaintiffs were given a more than adequate time to respond to the Motion and failed to do so. For these reasons, the Motion for Reconsideration is denied.

In the Court's Order dated July 23, 2007, the Court granted Plaintiffs ten (10) days from that date to submit an Amended Complaint, or the case would be dismissed. Plaintiffs did not submit an amended complaint within that time period. However, in light of Plaintiffs' *pro se* appearance in this case, the Motion for Reconsideration filed during that time period by Plaintiffs, and in the interests of justice, the Court grants Plaintiffs ten (10) additional days from the date of this Order to submit an Amended Complaint. Plaintiffs shall submit an Amended Complaint within this time period, or the instant case will be dismissed without further notice.

## Conclusion

Based on the foregoing, the Motion to Reconsider Order of Dismissal, filed by Plaintiffs Walter D. Pine and Thelma J. Roper, (Doc. No. 67), is **DENIED**. Plaintiffs shall have ten (10) days from the date of this Order to submit an Amended Complaint, or the instant case will be dismissed without further notice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 16th day of August, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Unrepresented Parties