UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER PINE, THELMA J. ROPER,

                Plaintiffs,

-vs-                                        Case No.  6:06-cv-1551-Orl-19JGG

BOARD OF COUNTY COMMISSION
OF BREVARD COUNTY,

                Defendant.
_____

# ORDER

This case comes before the Court on the following:

1.     Report and Recommendation of the Magistrate Judge (Doc. No. 78, filed Oct. 1, 2007);

2.     Plaintiffs' Verified Objection to Special Magistrate Recommendation to Dismiss with Prejudice (Doc. No. 82, filed Oct. 29, 2007); and

3.     Response of Defendant Brevard County to Plaintiffs' Verified Objection to Special Magistrate Recommendation to Dismiss with Prejudice (Doc. No. 83, filed Nov. 12, 2007).

## Background

Acting *pro se*, Plaintiffs Walter D. Pine and Thelma J. Roper  filed a Complaint against the "Board of County Commission of Brevard County" on October 4, 2006.  (Doc. No. 1, filed Oct. 4, 2006).[1]  Since that Complaint was filed, this Court has issued three Orders to Show Cause for

---

[1]     Plaintiffs have named multiple defendants, including various county officials, but only properly served Defendant Brevard County on October 13, 2006.  (*See* Doc. No. 6, filed Oct. 13, 2006).  For purposes of this Order, Brevard County will be referred to as "Defendant."  Plaintiffs should note that Federal Rule of Civil Procedure 4(m) requires plaintiffs to serve all defendants
(continued...)

Plaintiffs' failure to file a case management report that complies with Local Rule 3.05.  Plaintiffs

now object to the Magistrate's recommendation that this case be dismissed with prejudice for failure

to comply with Local Rule 3.05 and Court Orders directing Plaintiffs to submit a case management

report.  (Doc. No. 78).

Local Rule 3.05 provides that "[c]ounsel and any unrepresented party shall meet within 60

days after service of the complaint upon any defendant . . . for the purpose of preparing and filing

a Case Management Report."  The Rule requires the report to be filed within fourteen days after the

meeting.  Local R. 3.05(c)(2)(B).

Plaintiffs served Defendant on October 13, 2006, and were required to meet with Defendant

on or before December 13, 2006 for the purpose of preparing a case management report.  Local R.

3.05.  The case management report was due by December 28, 2006.  *Id.*  Plaintiffs did not meet with

Defendants or file a report.  On February 28, 2007, the Court ordered Plaintiffs to show cause why

their case should not be dismissed for lack of prosecution due to Plaintiffs' failure to file a case

management report within the time prescribed by Local Rule 3.05.  (Doc. No. 31, filed Feb. 28,

2007).  Plaintiffs filed a Response to the Order to Show Cause, arguing that they were disadvantaged

by their *pro se* status and have tried in good faith to comply with procedural rules.  (Doc. No. 33,

filed Mar. 19, 2007, pp. 2-12).  That same day, Plaintiffs filed a "Motion to Toll Suspense on Case

Management Until Complaint is Accepted by Court." (Doc. No. 37, filed Mar. 19, 2007).  The Court

denied Plaintiffs' motion on March 21, 2007, in an endorsed order, reasoning that Plaintiffs did not

show good cause for failing to file a report.  (Doc. No. 46, filed Ma. 21, 2007).  The Order further

---

[1](...continued)
within 120 days of filing the complaint.

explained the requirements of Rule 3.05 and ordered Plaintiffs to submit the case management report.

On June 22, 2007, the Court issued a second Order to Show Cause due to Plaintiffs' failure to file a case management report within the time prescribed by Local Rule 3.05. (Doc. No. 56, filed June 25, 2007). On July 5, 2007, Plaintiffs filed a "Motion to Accept the Case Management Report." (Doc. No. 57, filed July 5, 2007). In the motion, Plaintiffs asked the Court to accept a draft of a case management report that was prepared by counsel for Defendant and unilaterally amended by Plaintiffs. (*Id.*) The draft contained handwritten alterations, deleted portions of the Court's standard case management report language, and was submitted by Plaintiffs without Defendant's signature. (Doc. No. 58, filed July 5, 2007). Defendant Brevard County filed a response in opposition to Plaintiffs' motion. (Doc. No. 59, filed July 9, 2007). Defendant explained that Plaintiffs had not made any effort to schedule a case management meeting, and as a result Defendant contacted Plaintiffs and agreed to meet them at a location near their home. (*Id.* at p. 2). At the meeting, Defendant gave Plaintiff a draft of the case management report and asked for their input. (*Id.*) Defendant did not hear back from Plaintiffs until July 5, 2007, when Plaintiffs attempted to file the unilaterally amended report. (*Id.*)

On July 12, 2007, the Magistrate denied Plaintiffs' motion and ordered Plaintiffs to confer with counsel for Defendant and file a complete case management report by July 25, 2007. (Doc. No. 60, filed July 12, 2007). The Magistrate warned Plaintiffs that "[f]ailure to comply will result in dismissal of the case pursuant to Federal rule of Civil Procedure 16(f) and Local Rule 3.10(a)." (*Id.* at p. 3).

On July 25, 2007, Plaintiffs filed a motion for "the Court to schedule a preliminary pretrial conference to obtain resolution of the parties [sic] inability to reach an agreement on the issues in the case management report." (Doc. No. 64, filed July 25, 2007). Plaintiffs specifically referenced Defendant's unwillingness: (1) to permit more than ten depositions; (2) agree to a date for the termination of motions to add parties and amend the pleadings; (3) allow Plaintiffs to reserve the right to amend the case management report; and (4) permit Plaintiffs to serve fifty interrogatories per named defendant (which, according to Plaintiffs' count of defendants that are included in this suit would permit at least 600 interrogatories). (*Id.*; Doc. No. 62, filed July 25, 2007; Doc. No. 63, filed July 25, 2007). Simultaneously, Plaintiffs filed motions to exceed the ten deposition limit and the twenty-five interrogatory limit. (Doc. No. 62; Doc. No. 63).

The Magistrate denied Plaintiffs' motions on August 9, 2007. (Doc. No. 71, filed Aug. 9, 2007). The Magistrate initially noted that Plaintiffs did not present sufficient cause to allow more than ten depositions or twenty-five interrogatories because they had served only one Defendant. (*Id.* at pp. 2-3). The Magistrate explained that Plaintiffs could renew their motions if additional defendants appeared in the action. (*Id.*) Reasoning that the disagreement regarding depositions and interrogatories was resolved, the Magistrate denied Plaintiffs' request for a hearing as moot. (*Id.*) In conclusion, the Magistrate noted that the case management report was overdue and Plaintiffs had not asked for an extension to file. (*Id.*) The Magistrate ordered Plaintiffs to file the report immediately. (*Id.*)

Plaintiffs did not take further action with respect to the case management report. On September 17, 2007, the Court issued a third Order to Show Cause due to Plaintiffs' continued failure to submit the report. (Doc. No. 76, filed Sept. 17, 2007). Plaintiffs responded that this case

was improperly designated as a "track two case" and should actually be considered as a "track three case" because it is complex and involves multiple claims against multiple defendants.  (Doc. No. 77, filed Sept. 26, 2007, pp. 1-2).  Plaintiffs again emphasized their *pro se* status and insisted that they are prejudiced by being required to comply with the Local Rules.  (*Id.* at p. 2).

On October 1, 2007, the Magistrate issued a Report and Recommendation which recommended that Plaintiffs' suit be dismissed with prejudice. (Doc. No. 78).  The Magistrate noted that "Plaintiffs have been provided countless opportunities to comply with Local Rule 3.05 by filing a case management report."  (*Id.* at p. 1).  The Report determined that Plaintiffs' case does not present "such complicated legal issues sufficient to warrant its designation as a Track Three Case." (*Id.* at p. 3).  Further, the Magistrate explained that Plaintiffs' *pro se* status affords them leniency but does not provide an excuse to ignore procedural rules.  (*Id.* (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)).  The Report also explained that Federal Rule of Civil Procedure 41(b) allows dismissal of an action for the failure to prosecute and that federal courts have the inherent power to dismiss a case as a sanction for failing to follow court orders.  (*Id.* (citing *Gratton v. Great American Comm.*, 178 F.3d 1373, 1374 (11th cir. 1999); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).  Finally, the Report concluded that Plaintiffs had demonstrated "willful contempt" by repeatedly ignoring court orders.  (*Id.* at p. 4).  Because lesser sanctions have proven insufficient, the Report recommended dismissal with prejudice.[2]  (*Id.*)

Plaintiffs filed an Objection to the Report and Recommendation.  (Doc. No. 82).  Plaintiffs assert six arguments in support: (1) the Report contains material errors; (2) the parties did not

---

[2]      The Magistrate did not explicitly note which lesser sanctions have proven insufficient.  However, the Report discusses the Court's three Orders to Show Cause and several admonishments to Plaintiffs for failing to submit a case management report.

consent to the participation of the Magistrate; (3) willful contempt does not exist; (4) the case was improperly designated as a track two case; (5) "Plaintiffs [sic] desire to amend and cure any and all deficiencies after determination of who the proper Defendants are and Plaintiffs [sic] Motion to Strike or in the alternative Motion for a definitive statement"; and (6) "Defendants [sic] Motion to Dismiss and Plaintiff's [sic] Motion to strike or in the alternative for a more Definitive Statement must be settled prior to the court hearing issues on the Magistrates [sic] Report." (*Id.* at pp. 1-2). Plaintiffs also assert that dismissal of their case with prejudice would be a "manifest injustice." (*Id.*)

Defendant filed a Response to Plaintiffs' Objection. (Doc. No. 83). Defendant contends that the Magistrate's conclusion is well supported. (*Id.* at p 10). Specifically, Defendant argues that a *pro se* litigant is entitled to only one warning to comply with deadlines. (*Id.* at pp. 10-11). According to Defendant, Plaintiffs in this case have taken gross advantage of the Court's goal to accommodate *pro se* litigants. (*Id.*)

### Standard of Review

A party seeking to challenge the findings in a Report and Recommendation of the United States Magistrate Judge must file "written objections which specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir. 1989)). If a party makes a proper objection, the District Court must conduct a *de novo* review of the portions of the report to which objection is made. *Id.* at 783-84. The District Court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Id.* at 784.

**Analysis**

I.      **Plaintiffs' Specific Objections**

      A.      **Errors in the Report**

Plaintiffs first argue that the Magistrate's Report contains material errors. Specifically, Plaintiffs argue that they have not had "countless opportunities" to comply with Local Rule 3.05. (Doc. No. 82, pp. 8-11). Plaintiffs also argue that the Magistrate incorrectly states: (1) their disabilities; (2) that Plaintiffs have failed to comply with procedural rules; (3) that Plaintiffs have failed to serve any defendants aside from Brevard County; (4) and that only one named defendant has appeared in the action. (*Id.*)

Upon reviewing the docket, the Court concludes that Plaintiffs have indeed had countless opportunities to comply with Local Rule 3.05. Brevard County was served approximately thirteen months ago, yet Plaintiffs have still not submitted a document that was due within 74 days of serving Defendant. *See* Local R. 3.05. Moreover, Plaintiffs have failed to comply with Court Orders requiring them to submit the case management report. (Doc. No. 60, p. 3). Plaintiffs were specifically warned that their failure to comply with the Order will result in the dismissal of this case. (*Id.*)

Plaintiffs' other factual objections to the Magistrate's Report are irrelevant. None of these objections pertain to the issue of whether Plaintiffs' case should be dismissed for the repeated failure to submit a case management report. Even if all of Plaintiffs' factual objections were sustained, the Magistrate's final conclusion would remain correct.

### B.      Consent to the Participation of a Magistrate

Plaintiffs state that consent of the parties is required for referral to a Magistrate.  (Doc. No. 82, p. 12).  Plaintiffs are incorrect.

Under 28 U.S.C. section 636 (b)(1)(A)-(B), the District Court Judge may refer a pretrial matter for consideration by a Magistrate.  If that matter is dispositive, the Magistrate will submit a Report and Recommendation to the District Court Judge in lieu of directly ruling on the matter. § 636(b)(1)(b).  The consent of the parties is not required for referral of a pre-trial matter.  Consent is only required when the Magistrate Judge conducts a trial.  § 636(c)(1)-(2).  In this case, Plaintiffs' Response to the Order to Show Cause, a pre-trial matter, was referred to the Magistrate.  The parties' consent was not required.  *See also* Local R. 6.01(18) (explaining that the duties of a Magistrate include ruling on pretrial matters in civil cases).

### C.      Existence of Willful Contempt

Plaintiffs argue that their behavior cannot be categorized as "willful contempt."  Plaintiffs state that their disabilities have made it impossible to comply with court orders, that they have not ignored or disregarded the instructions of the Court, and that the complexity of the case makes it impossible to respond in a way that complies with procedural rules.  (Doc. No. 82, pp. 13-14).

The Eleventh Circuit defines "willful contempt" as "contumacious conduct."[3]  *Collins v. Lake Helen, L.P.*, No. 07-10004, 2007 WL 2735776, *3 (11th Cir. Sept. 20, 2007) (citing *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1339 (11th Cir. 2005)).  Wilful contempt may also be demonstrated by a "clear pattern of delay" or the unwillingness to comply with court-imposed

---

[3]        "Contumacious conduct" is the willful disobedience of a court order.  Black's Law Dictionary 315 (8th ed. 2004).

deadlines. *Id.* In this case, Plaintiffs' behavior can be categorized as both contumacious and a "clear pattern of delay." Plaintiffs have continually refused to submit the case management report despite very clear instructions from the Court to do so. (*See*, *e.g.*, Doc. No. 60, p. 3; Doc. No. 71). Rather than comply with the requirement, Plaintiffs have repeatedly asked for exemption. (*See*, *e.g.*, Doc. No. 37). Plaintiffs also attempted to submit a case management report that they amended without Defendant's permission. (Doc. No. 57).

Most importantly, Plaintiffs failed to submit a case management report even after the Magistrate resolved Plaintiffs' request to permit additional interrogatories and depositions. (*See* Doc. No. 71). The Magistrate issued his Order resolving the disagreement on August 9, 2007, and since then nothing has prevented Plaintiffs from meeting with Defendant and drafting the report. It is now eleven months after the original deadline has passed, and Plaintiffs have still not shown any intention to submit a case management report that complies with Local Rule 3.05. This clear disobedience of the Court's Orders constitutes willful contempt. *See McIntosh v. Gauthier*, 182 Fed Appx. 884, 886 (11th Cir. 2006) (finding that *pro se* plaintiff's continued refusal to submit a case management report despite explicit court orders went beyond "mere negligence" and constituted "willful contempt")

Plaintiffs' disabilities do not provide an excuse for failing to submit the case management report. Plaintiffs do not explain why their particular disabilities prevent them from conferring with Defendant and drafting a case management report. Moreover, the Court notes that Plaintiffs' disabilities have not prevented them from coming to the Court to present arguments in favor of their position or from filing twenty-seven motions and four complaints in the past thirteen months.

Similarly, the complexity of this case does not provide a basis to avoid complying with Local Rule 3.05. Complex cases are filed in federal court frequently, and the litigants in those cases are expected to comply with all applicable procedural rules. *Pro se* litigants are afforded leniency in complying with the Rules, but they are nevertheless required to comply with them. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

### D. Improper Designation of the Case as a Track Two Case

Plaintiffs next assert that the this case has been incorrectly designated as a track two case. This objection is without merit. Plaintiffs are required to follow this Court's orders regardless of whether they agree with the Court's reasoning. Plaintiffs' belief that the this case should be designated as a track three case, even if in good faith, does not provide an excuse for ignoring the Court's Order that Plaintiffs must submit a case management report. *See Citizens Concerned About Our Children v. Sch. Bd. of Broward County, Fla.*, 193 F.3d 1285, 1292 (11th Cir. 1999) (discussing a litigant's unconditional duty to comply with court orders).[4]

### E. Plaintiffs' Desire to Amend

Plaintiffs next state:

Plaintiffs desire to amend where necessary to overcome any infirmities in the Plaintiffs [sic] statement of the case and causes of action where such amendment does not require Plaintiffs to relinquish valid causes of action or to remove valid Defendants from the case without due process of law. Any failure to amend is due

---

[4] Plaintiffs also state that they should not be required to enter into a case management report before they have identified all of the proper defendants. (Doc. No. 82, p. 6). Plaintiffs specifically argue that the report is binding, and the scope of discovery cannot be expanded once the report is submitted. This argument is incorrect. Nothing in the Local Rules prohibits a case management report from being amended. *See* Local R. 3.05. To the contrary, federal courts routinely allow litigants to lengthen deadlines and expand the scope of discovery beyond what is specified in the case management report. *See* Fed. R. Civ. P. 29.

to Plaintiffs not understanding the requirements, or being able to understand the complex issues and impacts on Plaintiffs' rights by an amendment.

(Doc. No. 82, p. 15). This basis for objection does not appear to be aimed at any particular part of the Magistrate's Report.[5] Accordingly, the statement will not be considered by the Court in conducting a *de novo* review of the Magistrate's findings. *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 783 (11th Cir. 2006) (citing *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir. 1989)). Further, Plaintiffs have been given many chances to amend their pleadings. For example, Plaintiffs' first Complaint was six pages. (Doc. No. 1). Plaintiffs have now submitted their Third Amended Complaint, which totals 81 pages and 532 paragraphs. (Doc. No. 73).

### F.      Proper Order to Decide Motions

Plaintiffs argue that this Court is required to decide Defendant's motion to dismiss and "Plaintiffs [sic] responsive motion" before considering the Magistrate's Report. There is no such requirement. Federal District Courts have an inherent authority to manage their own dockets. *See*, *e.g.*, *Cofield v. Ala. Public Serv. Comm'n*, 936 F.2d 512, 517 (11th Cir. 1991). Furthermore, the Federal Rules of Civil Procedure do not require the federal courts to decide motions in any particular order, and under the Local Rules, motions to dismiss do not stay the requirements of submitting a case management report. *See* Local R. 3.05(c)(2)(B) ("Counsel and any unrepresented party shall meet within 60 days after service of the complaint upon any defendant . . . regardless of the pendency of any undecided motions . . . .").

---

[5]      Leave to amend was not an issue considered by the Magistrate in his Report and Recommendation.

II.      **Dismissal under Federal Rule of Procedure 41(b)**

Plaintiffs generally object to the Magistrate's recommendation that the case be dismissed for failure to comply with procedural rules.  Plaintiffs do not specifically object to any portion of the Magistrate's legal analysis, and as a result this Court's review of the analysis would typically be limited to review for clear error.  *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).  However, recognizing Plaintiffs' *pro se* status, and noting the severity of the sanctions involved, the interests of justice would best be served by construing Plaintiffs' objections liberally and reviewing the Magistrate's legal analysis *de novo*.  *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (courts should liberally construe a pro se party's pleadings).

Federal Rule of Civil Procedure 41(b) allows the District Court to dismiss a case "[f]or failure to prosecute or to comply with these rules or any order of [the] court . . . ."  Dismissal for failure to comply with local rules or a court order is appropriate where "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice . . . ."  *Betty K. Agencies Ltd.*, 432 F.3d at 1339.  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th cir. 1989).  The Magistrate found that this standard was met because Plaintiffs "consistently failed to adhere to the Court's orders and with the Local Rules . . . . and a lesser sanction has proven insufficient."  (Doc. No. 78, p. 4).

The Magistrate's conclusion is correct.  Plaintiffs have engaged in a clear pattern of delay and demonstrated willful contempt.  *See Collins v. Lake Helen, L.P.*, 2007 WL 2735776 at *3 (finding a clear pattern of delay where a litigant missed three deadlines to file a joint statement and

then ultimately blamed the district court's clerk and the opposing party for his failure to comply).[6]
Furthermore, lesser sanctions have proven ineffective.  Plaintiffs have been the subject of three
Orders to Show Cause and have responded only with excuses, posturing, more motions, and further
delay.   The Court has admonished Plaintiffs and warned them that this case would be dismissed if
they did not submit a case management report.  (Doc. No. 60, p. 3).   Nevertheless, despite these
sanctions, Plaintiffs have shown no intention to comply with the Court's Orders.

Finally, Plaintiffs' failure to submit a case management report is not a mere technical
violation of the Local Rules.   The case management report provides a framework for this Court to
efficiently resolve disputes.  Plaintiffs' refusal to submit the report has delayed the progress of this
litigation and wasted judicial resources.[7]   Accordingly, dismissal with prejudice is the appropriate
sanction.  *See McIntosh v. Gauthier*, 182 Fed. Appx. 884, 887 (11th Cir. 2006) (dismissal with
prejudice was appropriate where a *pro se* litigant was ordered to submit a case management report
and continually failed to submit the report despite instruction from the court).[8]

## Conclusion

---

[6]      *See also* discussion *supra* pp. 8-10.

[7]      The Court has issued seven Orders since February of 2007 regarding Plaintiffs'
failure to submit the report.  (Doc. Nos. 31, 46, 56, 60, 72, 76, 78).

[8]      Plaintiffs also state that the Court is inherently biased in favor of the Defendant and
has violated Plaintiffs' constitutional rights by requiring Plaintiffs to submit a case management
report.  (Doc. No. 82, p. 6).  Plaintiffs' refusal to accept responsibility for their violations of Local
Rule 3.05 and the Court's Orders further demonstrates their desire to delay this litigation.  *See
Collins v. Lake Helen, L.P.*, 2007 WL 2735776 at *3.

Based on the foregoing, the Report and Recommendation of the Magistrate Judge (Doc. No. 78, filed Oct. 1, 2007) is **ADOPTED**.  This case is **DISMISSED** with prejudice.  The Clerk of Court shall enter judgment in favor of the Defendants and close the case file.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on December _7__, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party